**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Omar MARTINEZ–RODRIGUEZ,
Defendant–Appellant.**

No. 14–30156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2016.

Filed March 21, 2016.

Steven Todd Mygrant, Special Assistant U.S., Kelly A. Zusman, DOJ–USAO, Leah K. Bolstad, United States District Court, Portland, OR, for Plaintiff–Appellee.

Ellen C. Pitcher, Assistant Federal Public Defender, Portland, OR, for Defendant–Appellant.

* The Honorable Janis L. Sammartino, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Before: BERZON and WATFORD, Circuit Judges, and SAMMARTINO,* District Judge.

MEMORANDUM **

1. We need not decide whether the officers unlawfully monitored the location of Omar Martinez–Rodriguez's cell phone in California. Even assuming that they did, the traffic stop of Martinez–Rodriguez's car was not the fruit of that unlawful surveillance. Once Martinez–Rodriguez's cell phone crossed the border into Oregon, the officers were authorized by a valid search warrant to track the cell phone's location within the State, which is what they did for four and a half hours before making the traffic stop in Salem. As the district court found, even without the California surveillance, the officers would have had adequate time to assemble the personnel necessary to locate and stop Martinez–Rodriguez in precisely the same location where the traffic stop eventually occurred. As a result, whether under the inevitable discovery doctrine or the attenuation doctrine, the district court properly denied Martinez–Rodriguez's motion to suppress the methamphetamine found in the car. *See Segura v. United States*, 468 U.S. 796, 804–05, 813–16, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); *United States v. Smith*, 155 F.3d 1051, 1060–62 (9th Cir.1998).

2. The district court did not abuse its discretion when it sentenced Martinez–Rodriguez to 210 months' imprisonment. The district court imposed this sentence—the low end of the recommended Guidelines range—based in part on its factual determination that Martinez–Rodriguez was not a mere courier. We do not think that finding was clearly erroneous. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). To be sure, the record contains evidence supporting the inference that Martinez–Rodriguez had never been involved in large-scale drug trafficking before and that he did not personally plan to sell all 22 pounds of the methamphetamine he was transporting. By the same token, however, the record also contains evidence that Martinez–Rodriguez had been trafficking in at least small amounts of methamphetamine prior to his arrest, and that he had traveled to California to "load up again." That evidence is sufficient to support the district court's finding that Martinez–Rodriguez was not just a courier, but instead planned to profit from the sale of the drugs he was caught transporting.

Nor did the district court abuse its discretion by refusing to depart from the advisory Guidelines range for policy reasons. Notwithstanding Martinez–Rodriguez's policy concerns about the Guidelines' focus on drug quantity, district courts are not required to impose a sentence below the recommended range simply because policy disputes exist. *See Kimbrough v. United States,* 552 U.S. 85, 110–11, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); *United States v. Henderson,* 649 F.3d 955, 964 (9th Cir.2011).

**AFFIRMED.**

BERZON, J., concurring in part and dissenting in part:

Martinez–Rodriguez contends that the district court erred in basing its sentencing decision on inferences without support in the record. I agree, and therefore dissent from the sentencing aspect of the disposition.

The district court found that Martinez–Rodriguez was "not just a courier," but was involved in methamphetamine distribution, had "a major drug hookup," and

was "going to make . . . a living from it." The district court relied on that factual finding in selecting a sentence of 210 months, which was within the Sentencing Guidelines but 90 months higher than the sentence requested by defendant's counsel, stating: "I am going to punish you on—for—as a drug dealer and a possessor of 22 pounds of at least three-quarters to a million dollars' worth of crystal meth."

Appellate courts review sentencing decisions for abuse of discretion, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In doing so, the appellate court must "ensure that the district court committed no significant procedural error, such as . . . selecting a sentence based on clearly erroneous facts." *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Here, there was simply no basis on which to infer that Martinez–Rodriguez was an independent, large-scale drug dealer rather than a courier dealing very small amounts of drugs on the side. That he said he was going to "load up again" says nothing about whether he was doing so on his own behalf or as a courier for other owners and distributors of the drugs. That he was trafficking in small amounts of methamphetamine does not suggest that he was in a position to make "big money" from the very large amount of drugs transported; if anything, it suggests that he was not in a position to sell or distribute in bulk. And the district court also mentioned that Martinez–Rodriguez had been released from prison a few months before

as supporting the conclusion that he was a major drug dealer; again, if anything, the appropriate inference is the opposite—where would he have gotten the capital to deal large quantities of drugs on his own in such a short time?

The district court could have chosen the in-Guidelines sentence it did on the ground that, whether a courier or not, Martinez–Rodriguez transported a very large amount of drugs, so the Guidelines appropriately applied. But, instead, the sentence was expressly based on a specific, clearly erroneous factfinding concerning Martinez–Rodriguez's role in the drug distribution effort. I would therefore vacate the sentence and remand for resentencing.